IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| GREGORY D. NUNNALLY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 7: 12-CV-95 (HL) |
| WILLIAM DANFORTH, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are Defendants' Motion to Dismiss (Doc. 21), and Plaintiff's Motion for Protective Order, Motion for Default Judgment, Motion for Congressional Override, and Motion for Appointment of Counsel. (Docs. 27, 29, 31).

**Background**

Plaintiff alleges that Defendants, all employees of Valdosta State Prison ("VSP"), confined Plaintiff in extremely hot conditions, and were deliberately indifferent to his "heat intolerance", his bronchial asthma, and his need for medical treatment for Hepatitis C.   (Docs. 1, 11).

*Motion to Dismiss (Doc. 21)*

On December 20, 2012, Defendants filed a Motion to Dismiss asserting that Plaintiff's Complaint should be dismissed, in part, because Plaintiff has abused the judicial process by providing the Court with erroneous information regarding his past lawsuits.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal - - is frivolous or malicious".   In *Rivera v. Allin*,144 F.3d 719, 731 (11th Cir. 1998), the Eleventh Circuit specifically upheld a dismissal based on abuse of process where the inmate plaintiff had failed to fully disclose all prior litigation

on his civil complaint form. Additionally, in *Hood v. Tompkins*, 197 Fed.Appx. 818, 819 (11th Cir. 2006), the court upheld a sanction of dismissal based on a prisoner plaintiff's failure to disclose prior lawsuits, finding the relevant complaint form question unambiguous in requiring the disclosure of other lawsuits filed in federal court. The Court's discretion to dismiss a case without prejudice pursuant to 1915(e)(2)(B)(i) for failing to disclose prior litigation has been exercised and upheld on multiple occasions. *See e.g. Shelton v. Rohrs*, 406 Fed.Appx. 340, 340-341 (11th Cir. 2010) (affirming the dismissal of suit without prejudice pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Young v. Sec'y. Florida for Dep't. of Corrections*, 380 Fed.Appx. 939 (11th Cir. 2010) (affirming dismissal of civil rights case pursuant to 1915(e)(2)(B)(i) based on plaintiff's failure to disclose prior litigation); *Pickett v. Yu*, 2006 WL 3694645 (N.D.Fla. Dec. 13, 2006) (dismissal of complaint pursuant to 1915(e)(2)(B)(i) as an abuse of process based on plaintiff's failure to disclose prior litigation).

In *Redmon v. Lake County Sheriff's Office, et al.*, 414 Fed. Appx. 221 (11th Cir. 2011), the Eleventh Circuit provided additional directives regarding cases involving abuse of judicial process. In *Redmon*, the lower court determined that the plaintiff's false response to a complaint form question was an abuse of judicial process and that dismissal of his suit without prejudice was a proper sanction. *Id.* at 222. The Eleventh Circuit found that "a district court may impose sanctions if a party knowingly files a pleading that contains false contentions", and that "[a]lthough pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's pro se status will not excuse mistakes regarding procedural rules." *Id.* at 225-26.

Affirming the district court's dismissal of the plaintiff's complaint, the Eleventh Circuit found that:

> [a]fter review of the record and consideration of Plaintiff's brief, we find no abuse of discretion.  Plaintiff failed to disclose the lawsuit he filed in Colorado district court, in which he brought claims relating to the conditions of his imprisonment in a Colorado jail and which he filed prior to the Amended Complaint. . . . The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit - that he misunderstood the form - did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction.  The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment.  The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so.

*Id.* at 226.

To support their Motion to Dismiss, Defendants have provided the Court with copies of the complaint forms of the lawsuits that Plaintiff failed to disclose to the Court.  (Docs. 21-2; 21-3).  In January of 1994, Plaintiff filed *Nunnally v. Chatham Co. Jail*, 4:94-CV-37 (S.D. Ga.), alleging that the jail denied Plaintiff his right to smoke.  (Doc. 21-3).  Plaintiff filed *Nunnally v. Chatham Co. Jail*, 4:94-CV-66 (S.D. Ga.) in February 1994, alleging that the prison food was always served cold.  (Doc. 21-2).  After a review of CM/ECF (the Court's filing system), the Court takes judicial notice of the fact that Plaintiff also filed *Nunnally v. Owens*, 5:10-CV-245 (M.D. Ga.), in June of 2010, *Nunnally v. Owens*, 5:11-CV-230 (M.D. Ga.), in June of 2011, and *Nunnally v. Owens*, 5:11-CV-238, (M.D. Ga.), in June of 2011. (*See also* Doc. 7, p. 2).   All three Middle District of Georgia cases are related to Plaintiff's imprisonment.

Based on the evidence available to the Court, Plaintiff failed to disclose the following information in his Complaint:

- Previous Lawsuits, Question 4 asked: "Other than the appeal of your conviction or sentence, have you ever submitted a lawsuit for filing in <u>any</u> federal or state court dealing with the <u>SAME</u> <u>FACTS</u> involved in this lawsuit or otherwise related to your

3

imprisonment?" (Doc. 1, p. 2).[1]

- Previous Lawsuits, Question 5 asked: "If your answer to question 4. is 'Yes,' list that lawsuit below, . . . (IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)". (Doc. 1, p. 2).

    o Plaintiff checked "Yes", under question 4, but listed only *Nunnally v. Brian Owens* (M.D. Ga. 2011) under question 5.   Plaintiff did not know the docket number.

    o Under Question 5, **Plaintiff failed to disclose**:
        - *Nunnally v. Chatham Co. Jail*, 4:94-CV-37 (S.D. Ga. 1994)
        - *Nunnally v. Chatham Co. Jail*, 4:94-CV-66 (S.D. Ga. 1994)
        - *Nunnally v. Owens, et al.*, 5:10-CV-245 (M.D. Ga. 2010)
        - *Nunnally v. Owens*, 5:11-CV-230/5:11-CV-238 (M.D. Ga. 2011) (Plaintiff only disclosed one *Nunnally v. Owens* (M.D. Ga. 2011) case)

In his Response to Defendant=s Motion to Dismiss, Plaintiff contends that the Court "already knew of [his] prior litigation", and accepted his Complaint.  (Doc. 32).   The relevant inquiry is whether the information contained in the Complaint was true.   The Court is entitled to rely on Plaintiff's statements in his Complaint, and to rely on the veracity of the statements.  *Redmon*, 414 Fed.Appx. at 226.   "The court will not tolerate false responses or statements in any pleading or motion filed before it. . . . If plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the [complaint] form."  *Tucker v. Santa Rosa County Sheriff's Dept.*, 2007 WL 1246021, *2 (N.D. Fla., April 13, 2007).   The Court's ability to learn of Plaintiff's prior lawsuits does not excuse Plaintiff's failure to disclose these prior lawsuits in his Complaint.

Plaintiff also states that he was not dishonest, he just "didn't remember" filing the lawsuits.

---

[1] The complaint form questions at issue in the *Redmon* case are substantively identical to the complaint form question posed herein, which the Eleventh Circuit found "clearly asked Plaintiff to disclose previously filed lawsuits . . . otherwise relating to his imprisonment".   414 Fed. Appx. at 226.

(Doc. 32).  "Even if [Plaintiff] could not recall the details of his prior suits, he certainly would have remembered initiating some sort of legal proceedings during his incarceration, and he was obligated to disclose that fact on his form complaint."  *Dunson v. Georgia Dep't. of Correctional Health Care Serv.*, 2009 WL 136060, *2 (S.D. Ga., Jan. 20, 2009).  Plaintiff failed to inform the Court of four lawsuits, one of which was filed in the same month as the case he disclosed, and two of which were filed less than two years before he dated this Complaint.  (*See* Doc. 1, Complaint dated Jan. 29, 2012).  Plaintiff's contention that he "didn't remember" the prior lawsuits fails to provide an adequate explanation for his misrepresentations to the Court.  *See Shelton*, 406 Fed.Appx. at 340-341 (affirming dismissal for abuse of judicial process and rejecting the plaintiff's explanation that he did not remember filing previous suits and that his records were unavailable to him because, even without access to legal materials, the plaintiff would have known that he filed multiple previous lawsuits); *Smith v. Roberts*, 2010 WL 339816 (M.D. Ga. Jan. 22, 2010) (finding the plaintiff's explanation that he failed to disclose two previous lawsuits because he was under stress at the time of filing unpersuasive and dismissing the suit without prejudice).

It is within the Court's discretion to find that Plaintiff's Complaint should be dismissed without prejudice due to Plaintiff's abuse of the judicial process.  *See Young*, 380 Fed.Appx. at 941.  Based on Plaintiff's misrepresentation regarding prior lawsuits in his Complaint, and Plaintiff's failure to disclose his prior lawsuits, it is the finding of the undersigned that Plaintiff has abused the judicial process.  An appropriate sanction for abuse of judicial process is dismissal of the action.  *See Rivera*, 144 F.3d at 731.  Accordingly, it is the recommendation of the undersigned that the Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Miscellaneous Motions*

The undersigned has recommended dismissal of Plaintiff's Complaint based on his abuse of the judicial process in filing his Complaint.  As such, it is the recommendation of the undersigned that Plaintiff's Motion for Protective Order (Doc. 27) and Motion for Default Judgment (Doc. 27, p. 3) be **found to be moot.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

Plaintiff's Motion for Congressional Override and Motion for Appointment of Counsel (Doc. 29, 31) are hereby **found to be moot** as the undersigned is recommending dismissal of Plaintiff's Complaint based on his abuse of the judicial process at the initiation of this lawsuit.

**SO ORDERED AND RECOMMENDED** , this 14th day of June, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf